IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE VEGA-CERVANTES, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0234-TWT-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:18-CV-4067-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on Movant's § 2255 motion and motion to date back [153], Respondent's response [158], and Movant's reply [159]. For the reasons discussed below, Movant's motion to vacate and motion to date back are due to be denied.

**I.     Discussion**

    **A.     Background**

Movant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, and, by judgment entered on February 4, 2016, the Court imposed a sentence of ninety-two months. (J., ECF No. 119). On December 20, 2016, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. (USCA

Op., ECF No. 144; J. USCA, ECF No. 145). The record does not indicate that Movant sought further direct review in the United States Supreme Court.

On July 21, 2017,[1] Movant filed a motion for appointment of counsel to determine whether a sentencing guidelines amendment and 18 U.S.C. § 3582(c) (governing sentence modification) applied to his case. (Mot. to Appoint Counsel, ECF No. 146). The Court denied the motion. (Order of Aug. 9, 2017, ECF No. 147).

On October 12, 2017,[2] Movant filed a motion for leave to file a *pro se* motion for a sentence reduction. (Mot. for Leave to File, Conclusion, ECF No. 148). Movant asked the Court to reduce his sentence to sixty months and "for another opportunity to grant me a Motion for Leave to File a Pro se Motion in order to find a remedy for my sentence reduction, through a 2255 or 2241 petition for writ of habeas corpus." (Mot. for Leave to File at 1).

The Court denied the motion as follows –

---

[1] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)).

[2] See Jeffries, 748 F.3d at 1314.

> Defendant appears to seek the Court's permission to file a motion for sentence reduction, a motion to attack his sentence under 28 U.S.C. § 2255, or a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Defendant also requests that the Court reduce his sentence to sixty (60) months incarceration.
>
> Defendant's Motion is denied. If Defendant requests that his sentence be reduced or modified, he must file a motion that clearly states the basis for the requested relief and the legal authority for the Court to consider the request. It is unclear what specific relief Defendant requests in his Motion, other than a sentence reduction. Defendant has not shown that he is entitled to a sentence reduction under one of the narrow exceptions provided for under the law.

(Order of Oct. 30, 2017, at 2, ECF No. 149).

On January 22, 2018,[3] Movant filed a second (identical) motion for leave to file a *pro se* motion for a sentence reduction. (Second Mot. for Leave to File, ECF No. 150). The Court denied the second motion for the reasons already stated in its earlier order. (Order of Feb. 6, 2018, ECF No. 151).

In April 2018, Movant filed in the Eleventh Circuit Court of Appeals an application for leave to file a second or successive § 2255 motion. In re: Jose Vega-Cervantes, No. 18-11696-H (11th Cir. May 23, 2018). The Eleventh Circuit denied the application and found that Movant had "never filed an initial motion to vacate." (Order of USCA at 1-2, ECF No. 152).

---

[3] See Jeffries, 748 F.3d at 1314.

3

On August 22, 2018,[4] Movant filed his instant § 2255 motion to vacate and a motion that his § 2255 motion date back to the motion he filed on October 12, 2017. (Mot. to Vacate and Mot. to Date Back, ECF No. 153). Movant asks the Court to recharacterize his October 12, 2017, motion as a § 2255 motion and to deem his instant filing as providing three supplemental arguments: (1) ineffective assistance of counsel for failing to argue for a minor role adjustment at sentencing, (2) ineffective assistance of counsel for failing to argue for a safety valve reduction at sentencing, and (3) ineffective assistance of counsel for failing to challenge Movant's sentence based on unwarranted disparities with other similarly situated defendants. (Mot. to Vacate and Mot. to Date Back at 1-2).

Respondent argues that Movant's § 2255 motion is untimely and should be dismissed. (Resp't Resp. at 2, 5-11, ECF No. 158). Respondent asserts (1) that the Court properly construed Movant's October 12, 2017, motion; (2) that the Eleventh Circuit Court of Appeals has found that the October 12, 2017, motion was not a motion to vacate; and (3) that Movant's earlier motion was denied and his instant claims cannot relate back to a motion that is no longer pending and, further, do not relate back

---

[4]August 22, 2018, the mailing date, is deemed the filing date. See Jeffries, 748 F.3d at 1314.

4

as the arise out of entirely different facts (his attorney's actions) than his October 12, 2017 motion (actions by the sentencing commission). (Id. at 1-2, 7-11).

Movant replies that his motion is timely because the Court failed, as required by Castro v. United States, 540 U.S. 375 (2003), to provide him with an opportunity to withdraw or amend his October 12, 2017, motion.[5] (Mov't Reply at 2, ECF No. 159).

### B.     Law and Recommendation

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to § 2255 motions. Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015). Under 28 U.S.C. § 2255(f), the one-year statute of limitations runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[5]The Court did not recharacterize the October 12, 2017, motion as a § 2255 motion. Therefore, Castro notice and an opportunity to amend or withdraw were not required. See Castro, 540 U.S. at 377 (holding that the court cannot recharacterize a *pro se* litigant's motion (which is not labeled as a § 2255 motion) "as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize . . . and provides the litigant with an opportunity to withdraw, or to amend, the filing" (emphasis in original)).

5

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Equitable tolling of the federal limitations period sometimes may be warranted, but "only if the Movant establishes (1) extraordinary circumstances, and (2) due diligence. . . . [E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." Williams v. United States, 491 F.3d 1282, 1284 (11th Cir. 2007). Actual innocence also provides a limited exception to AEDPA's time limitations. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." McKay, 657 F.3d at 1196 (alteration in original) (quoting Schlup, 513 U.S. at 327).

Under § 2255(f)(1), Movant's conviction became final on March 20, 2017, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Eleventh Circuit Court of Appeals on December 20, 2016, affirmed his

6

conviction. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008). There is no indication that § 2255(f)(2)-(4), equitable tolling,[6] or an actual innocence exception apply.

Thus, Movant's § 2255 motion to vacate was due by March 20, 2018, one year after Movant's conviction became final on March 20, 2017, and his August 22, 2018, motion is approximately five months late. Movant's request that the Court accept his § 2255 motion as timely based on relation back must be denied. Although amended claims may be found timely if they relate back to claims that are contained in a timely petition or motion to vacate, relation back cannot apply when there is no pending petition or motion to vacate. See Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000) ("[T]his Court has held in other civil actions that petitions may not relate back to previously filed, . . . dismissed petitions, in order to avoid statute-of-limitations problems. . . . We also find persuasive the reasoning of the Third Circuit in Jones v. Morton, 195 F.3d 153, 160 (3rd Cir.1999), that a § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is

---

[6]See Johnson v. Warden, No. 17-12989, 2018 WL 3063860, at *4 (11th Cir. June 21, 2018) (stating that *pro se* status does not entitle litigant to equitable tolling "as *pro se* litigants are responsible for knowing and complying with the statute of limitations" (citing Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007)).

7


nothing for the current petition to relate back to."). Movant has no timely filed motion that is pending, and there is nothing for his current filing to relate back to. Accordingly, this action should be dismissed as untimely.

## II. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, _ U.S. _, 138 S. Ct. 312 (2017).

It is recommended that a COA is unwarranted because based on the record before the Court it is not reasonably debatable that Movant's motion to vacate is

untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to date back [153] be **DENIED**; that Movant's motion to vacate, set aside, or correct his federal sentence [id.] be **DENIED** and **DISMISSED** as untimely; and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 20th day of February, 2019.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE